IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TROUT, SEGALL & DOYLE
WINCHESTER PROPERTIES, LLC, et al.,        *
                                            *
        v.                                  *        Civil No. CCB-12-330
                                            *
40|86 MORTGAGE CAPITAL, INC., et al.        *
                                            *
                                        ******

## MEMORANDUM

Now pending is defendants' motion to dismiss the complaint filed by plaintiffs Trout, Segall & Doyle Winchester Properties, LLC and Winchester Station Holdings, LLC against defendants 40|86 Mortgage Capital, Inc., Bankers Life and Casualty Company, Washington National Insurance Company, and Senior Health Insurance Company of Pennsylvania. For reasons stated below, the motion will be denied.

On February 2, 2012, plaintiffs filed this diversity action for breach of contract and unjust enrichment. The dispute pertains to late-charge penalties assessed by defendants against plaintiffs in connection with two loan agreements executed in 2005. Because defendants refused to release a lien they held on plaintiffs' property until plaintiffs paid the late charges, plaintiffs paid the charges in September 2011 to avoid any disruption to the scheduled sale of that property. Plaintiffs now contend that one loan agreement never provided for late charges and that plaintiffs had waived their right to assess late charges under the second loan agreement. Plaintiffs also claim that defendants were equitably estopped from enforcing the contractual late-charge provision and that defendants breached a separate provision governing the application of payments to outstanding principal, interest, and late charges.

1

On March 28, 2012, defendants moved to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The motion includes an assortment of arguments, focusing on various provisions of the loan documents that purportedly permitted defendants to defer collection of the late charges without forfeiting their rights under the contracts. Defendants also dispute the allegation that plaintiffs suffered harm as a result of the alleged misapplication of payments between 2006 and 2011, and defendants argue that plaintiffs waived their breach of contract claims when they executed various release provisions in 2010 and 2011. Finally, defendants argue that plaintiffs' unjust enrichment claim is barred because the dispute is governed by written agreements. Plaintiffs opposed the motion, and this court heard oral argument on November 26, 2012.

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs in this case have alleged sufficient facts to state a plausible claim for relief. Defendants allegedly breached the loan agreements when they applied plaintiffs' payments to principal and interest before offsetting any outstanding late charges, and there is a reasonable basis to conclude that these repeated breaches caused harm to plaintiffs. Furthermore, Trout Segall has alleged sufficient facts to support a reasonable inference that, prior to September 2011, defendants had waived their right to assess late charges. Because defendants were

contractually obligated to apply plaintiffs' payments to any outstanding late charges before reducing the amount of outstanding interest and principal, a reasonable factfinder could infer that defendants intended to waive their right to collect late charges when they elected, for as long as five years, not to apply portions of those payments to the late charges that had accrued. Defendants did not merely acquiesce in plaintiffs' failure to pay late charges; they applied plaintiffs' payments in a manner that plausibly suggests they intended to relinquish their right to assess late charges. *See Va. Polytechnic Inst. v. Interactive Return Serv.*, 595 S.E.2d 1, 6-7 (Va. 2004). Defendants also signed various agreements in 2010 and 2011 that listed the outstanding principal balance without citing any outstanding late charges, further buttressing plaintiffs' waiver claim. (Mot. Dismiss Ex. C at 1, ECF No. 10-5; Mot. Dismiss Ex. F at 1, ECF No. 10-8.) And if defendants in fact had waived their right to collect the late charges—or if one of the loan agreements never provided for late charges in the first place—they were unjustly enriched when they demanded and received payment without contractual authority to do so.[1]

Plaintiffs' equitable estoppel argument, however, cannot succeed as an affirmative claim. "'[E]quitable estoppel usually operates as a shield, as opposed to a sword, and it does not of itself create a new right or give a cause of action; rather, it serves to prevent losses otherwise inescapable and to preserve rights already acquired.'" *Parker v. Westat, Inc.*, 301 F. Supp. 2d 537, 544 (E.D. Va. 2004) (quoting *Meriweather Mowing Serv. v. St. Anne's-Belfield, Inc.*, 51 Va. Cir. 517, 519 (Va. Cir. Ct. 2000)).

Finally, the scope of the release agreements signed by plaintiffs cannot be determined at this stage. The release provisions arguably released only "liabilities," "claims," "damage," or "causes of action" that existed at the time of the release and did not release defendants from

---

[1] Defendants assert that the appropriate relief would be contractual rather than equitable, but plaintiffs are permitted to plead in the alternative. *See* Fed. R. Civ. P. 8(a)(3).

future liabilities. *Cf. Richfood, Inc. v. Jennings*, 499 S.E.2d 272, 275 (Va. 1998) (discussing similar release agreement and determining that it discharged only those claims that had accrued as of the date of the agreement). Yet, the release provision also might be interpreted to encompass future claims. Because that provision is ambiguous, the court cannot now determine its proper scope. *See Fried v. Smith*, 421 S.E.2d 437, 438-39 (Va. 1992) (discussing similar release provision and admitting extrinsic evidence to resolve its ambiguity with respect to future claims). Plaintiffs also maintain that their release was not done knowingly and therefore cannot be valid. Accordingly, defendants' motion to dismiss for failure to state a claim will be denied, and plaintiffs may pursue, as alternative claims, both breach of contract and unjust enrichment.

Defendants' motion to dismiss for lack of subject matter jurisdiction also will be denied. A court determines whether the amount-in-controversy requirement has been satisfied at the time the suit is filed, *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002), and may exercise supplemental jurisdiction over any claims that do not meet that requirement if they "form part of the same case or controversy" as those claims that do satisfy the requirement, *see* 28 U.S.C. § 1367(a). Plaintiffs' complaint satisfied the amount-in-controversy requirement, and all claims in this case form part of the same case or controversy.

A separate order follows.

    December 11, 2012                         /s/
Date                                      Catherine C. Blake
                                            United States District Judge